UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-80952-CIV-COHN/SELTZER

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

v.

PRIME TIME GROUP, INC., n/k/a
Hunt Gold Corporation, JOHNNY RAY
ARNOLD, DALLAS L. ROBINSON,
TROY K. METZ, and JOHN A. MATTERA,

Defendants.
_____/

**DEFAULT JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT JOHNNY RAY ARNOLD AND PERMANENT INJUNCTION**

**THIS CAUSE** is before the Court on Plaintiff Securities and Exchange Commission's Motion for Entry of a Default Judgment of Permanent Injunction and Other Relief Against Johnny Ray Arnold [DE 55], the entire file of this case including Plaintiff's complaint, waiver of service executed by Defendant's last known counsel [DE 5], the Clerk's entry of default against Defendant [DE 20], the additional information regarding service upon Mr. Arnold [DE 60] and the failure of Defendant to respond to the instant motion.  The Court has carefully considered the motion and is otherwise fully advised in the premises.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

    1.    This Court has personal jurisdiction over Johnny Ray Arnold ("Arnold") and the subject matter of this action.   Venue is proper in the Southern District of Florida.

2.	Arnold was properly served with a summons and a copy of the Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure.  Thus, Arnold has proper notice of this action.

3.	As of the date of this Order, Arnold has failed to answer or otherwise file a responsive pleading to the Complaint as required by the Federal Rules of Civil Procedure.

4.	The Clerk of the Court entered a default against Arnold on September 22, 2009.  By virtue of the default and the failure to respond to the Complaint, Arnold is deemed to have admitted the allegations of the Complaint and liability is established against Prime Time. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).  Accordingly, the Court finds Arnold committed the violations alleged in the Complaint.

It is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of a Default Judgment of Permanent Injunction and Other Relief Against Defendant Johnny Ray Arnold [DE 55] is hereby **GRANTED**.  Default Judgment is entered against Arnold as follows:

## PERMANENT INJUNCTION

A.	**Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5**

It is **FURTHER ORDERED AND ADJUDGED** that Arnold, his agents, servants, representatives, employees, and attorneys, and all persons in active concert or participation with them who receive actual notice of this Default Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15

U.S.C. §78j(b), and Exchange Act Rule 10b-5, 17 CFR §240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**B.      Sections 5(a) and 5(c) of the Securities Act**

It is **FURTHER ORDERED AND ADJUDGED** that Arnold, his agents, servants, representatives, employees, and attorneys, and all persons in active concert or participation with them who receive actual notice of this Default Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Sections 5(a) and (c) of the Securities Act, 15 U.S.C. §77e(a) and (c), by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

3

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. §77h.

## **PENNY STOCK BAR**

It is **FURTHER ORDERED AND ADJUDGED** that, pursuant to Section 21(d)(6) of the Exchange Act, 15 U.S.C. §78u(d)(6), and Section 20(g) of the Securities Act, 15 U.S.C. §77t(g), Arnold is prohibited from participating in any offering of any penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of, any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. §240.3a51-1.

## CIVIL MONEY PENALTY

It is **FURTHER ORDERED AND ADJUDGED** that Arnold shall pay a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. §77t(d), and Section 21(d) of the Exchange Act, 15 U.S.C. §78u(d).  The amount of the civil penalty shall be determined by the Court upon motion of the Commission that the Commission must file by September 22, 2010.

## RETENTION OF JURISDICTION

It is **FURTHER ORDERED AND ADJUDGED** that this Court will retain jurisdiction over this matter and Arnold in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

## RULE 54(b) CERTIFICATION

It is **FURTHER ORDERED AND ADJUDGED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Broward County, Florida, this 11th day of June, 2010.

_____
JAMES I. COHN
United States District Judge

Copies to counsel and parties of record